Colleen DALLI, Kelly Dalli, Individually and as Parents and Natural Guardians of Elizabeth Rose Dalli, an infant, Plaintiffs–Appellants,

v.

Michele H. FRECH, D.O., Northwest Buffalo Community Health Care Center, Inc., Margaret P. McDonnell, M.D., United States of America, Defendants–Appellees.

No. 02–6273.

United States Court of Appeals, Second Circuit.

July 24, 2003.

Brian P. Fitzgerald, Napier, Fitzgerald & Kirby, LLP, Buffalo, NY, for Plaintiffs–Appellants.

Monica Richards, Assistant United States Attorney, for Michael A. Battle, United States Attorney, Western District of New York, for Defendants–Appellees.

Present: VAN GRAAFEILAND, CALABRESI, and WESLEY, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AF-FIRMED.**

Appellants filed a medical malpractice suit in the Supreme Court for the County of Erie, State of New York, alleging that the negligence of Michele Frech, D.O., Margaret P. O'Donnell, M.D., the Northwest Buffalo Community Health Care Center ("Northwest"), and other defendants caused severe personal injuries to their infant daughter. The United States removed the action to federal court. The district court thereupon granted the United States's motion to substitute itself as defendant, dismissed the plaintiffs' tort action for lack of subject matter jurisdiction, and denied the plaintiffs' cross-motion for additional discovery. Plaintiffs appeal.

Tort claims against entities "deemed" by the Secretary of Health and Human Services to be part of the United States Public Health Services must be removed to federal court and treated as an action brought against the United States, subject to the provisions of the Federal Tort Claims Act (FTCA). Employees of deemed entities are covered by the FTCA provided that the Attorney General certifies that they were "acting within the scope of [their] employment at the time of the incident out of which the suit arose." 42 U.S.C. § 233(c). The parties dispute whether Southtown Women's Group, a satellite clinic of Northwest, was properly deemed by the Secretary, and whether the defendant physicians acted within their scope of employment when they treated the plaintiffs.

In resolving a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the district court may consider evidence beyond the allegations enumerated in the complaint. *Europe & Overseas Commodity Traders, S.A. v. Banque Paribas London,* 147 F.3d 118, 121 n. 1 (2d Cir.1998). On the record before us, there can be no doubt that the defendant physicians acted with the scope of their employment–a matter we review *de novo. McHugh v. Univ. of Vermont,* 966 F.2d 67, 71–72 (2d Cir. 1992). Similarly, it is clear that an appropriate deeming took place. Accordingly, we need not consider whether or to what extent the deeming decision is subject to judicial review–a question that has not been decided in this circuit.

Plaintiffs also argue that the district court failed to allow reasonable discovery to establish subject matter jurisdiction. Determination of what constitutes reasonable discovery is subject to the discretion of the district court. *Miller v. Wolpoff & Abramson LLP,* 321 F.3d 292, 300 (2d Cir.2003). In the circumstances before us, we do not find that the court abused its discretion.

We have considered the plaintiffs' other arguments, and find them to be without merit. The judgment below is, therefore, AFFIRMED.